Good morning. Good morning, Your Honors. May it please the Court, Sarah Weinman, Federal Defenders of San Diego, on behalf of the appellant Jose Chavez-Cuevas. This case presents two narrow issues. First, whether a district court must provide clear indication on the record that it has accepted a defendant's guilty plea taken by a magistrate judge. And second, whether California robbery is overbroad given recent intervening authority. There must be some clear indication on the record, to borrow language from the Eighth Circuit, that a district court has accepted a defendant's guilty plea. To accept the government's position that the final judgment and commitment is enough would lead to the somewhat absurd result that a defendant could withdraw his guilty plea right up until the end of the sentencing hearing for no reason. Let's assume that it's error. But that being the case, you still have to show more, right? And Chavez-Cuevas had a lawyer there that I'm assuming was not a potted plant. And there wasn't any objection, right? And everything went forward and everyone, there's certainly every indication and there was never any indication, oh, I want to withdraw my plea or there was never any objection to anything. So how did that really affect the rights in the proceedings? First of all, Your Honor, I believe this is structural error because it's an error that... What's your best case for that? Well, Nader provides a standard for structural error and states that any error that deprives a defendant of basic protections without which the criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence is a structural error. Nader was focused on a very, very narrow number of cases where the judge was biased, where the jury couldn't be impartial. And everything else, it said, was subject to harmless error. And it's hard to see how the magistrate, the fact that the plea was knowing, intelligent, involuntary, which you're not arguing here, and the district court implicitly accepted it by entering a judgment, which the Fifth Circuit said was fine, how that is equivalent to a judge who is biased. That taints the entire trial. Maybe you can explain that. Sure. A couple of responses. First of all, the Fifth Circuit has never published a decision stating that that's fine. Well, Sanford said in its footnote that an implicit acceptance by entering the judgment was fine. But that was not an issue presented in that case. And in fact, the district court in that case, interestingly, didn't believe that it had implicitly accepted. And again, I would just point to the fact that under Rule 11-D-1, a defendant has an absolute right to withdraw a plea for any reason or no reason, right up before the plea is accepted. The rule says before the court accepts the plea, a defendant can withdraw for any reason or no reason. The court said, is there anything else? Is there anything else you want to say? And there was no response. So the defendant here didn't withdraw. That's right. Again, I would just go back to the Nader standard, because this is itself the determination of guilt. I believe it fits the Nader standard. It's not simply a basic protection to assure that the trial serves its function as a vehicle for determination of guilt. Well, it is the determination of guilt. The court in Nader said even not giving the jury one of the elements of the offense can be harmless error. I mean, here, the defendant had his rights, understood his rights, voluntarily waived them. The district court, there was no objection made to the district court. I'm just having trouble seeing how this could be a structural error of the sort Nader identified. Because Rule 11 includes some more formalistic requirements, but it also has some due process underpinnings. And those due process underpinnings are implicated in a district court's, in Article 3 district court's assurance that a felony guilty plea was voluntary and intelligent. So at the end of the day, all we're asking is that, you know, we don't want, I don't think any party here wants district courts to get too sloppy here because of the constitutional implications, the jurisdictional implications, and because of the practical implications in terms of when and under what circumstances a defendant can withdraw the plea. Ms. Weinman, is it your proposal that the defendant withdraw his plea? Is that what he wants to do? I mean, if not, for what purpose are we remanding so the judge can say, oh, I forgot to accept your plea, I now accept it? We would ask that this court vacate the judgment and sentence and remand the case to its pre-acceptance position. You didn't answer my question. Does he intend to withdraw his plea? I can't answer that for certain at this point. Then for what purpose are we sending it back? Because for the purpose that the district court would review the magistrate's findings and recommendations. All right. Thank you very much. You've answered my question. All right. So maybe let's go to the second issue. And I have a question about, for Cyril Lopez, held that a conviction under Section 211 was inherently either the equivalent of the generic crime of robbery or the or of extortion, both of which are crimes of violence. How is Cyril Lopez inconsistent with the camp and Mathis? So a year ago, this court in Dixon held that California robbery is an indivisible statute. I think wasn't he on Dixon? I believe so. Yeah. And this was an ACCA case, right? That's right. And the definition of violent felony included extortion, but didn't include robbery. That's right. So I couldn't see how that was equivalent to Cyril Lopez. In fact, Dixon distinguishes Cyril Lopez. Dixon does distinguish Cyril Lopez on the ground that Dixon was an ACCA case. But before Dixon applied 211 to ACCA, it determined correctly that 211 is an indivisible statute. And DeCamp and Mathis confirmed that conclusion. So it's indivisible. But as an indivisible statute, we said that Cyril Lopez, it was equivalent to either crime of violence one or crime of violence two. And DeCamp and Mathis didn't address that situation. They were looking at when is a statute that's overbroad, that criminalizes more crime, more conduct than a generic federal offense, when you can use the modified categorical approach because it's divisible. They never looked at whether a offense could be categorically crime of violence one or crime of violence two. It was just addressing a different issue. So I would disagree with your premise. I think you began by saying that Cyril Lopez determined that 211 was indivisible. And actually, Cyril Lopez came before DeCamp. So there was no, we didn't have the benefit. I know, but we have been citing it since. It's not effectively overruled. So it means something. Well, there hasn't been a published case upholding Cyril Lopez post-DeCamp. And if I could just explain a little bit about how the indivisibility... I don't think you're probably asking us to have one, right? What I would like to do, if I could, is just explain how the indivisibility analysis that DeCamp illuminated impacts this particular issue. Let's say we agree, and we said it in Dixon, and I also, I don't see any reason why we would say that 211 was a divisible statute. So let's start with just agreeing it's not divisible. So what? So what that means is that because jurors don't have to agree that a defendant either used fear of injury against the person or fear of injury against property, that means that there doesn't need to be that unanimity. So in other words, if I could put a little more concretely in the plea context, when a defendant admits to the force or fear element of 211, he's admitting to the whole global indivisible element of force and fear. So what that means is that he's admitting both that he used fear of injury against a person and that he used fear of injury against property. So if there were some kind of hybrid generic robbery extortion mishmash offense, then yes, 211 would fit. The guideline says crime of violence, and then it gives us a list. And it says no matter how you look at this, it's a crime of violence. That is the mishmash you're talking about, right? No, because the commentary goes on to enumerate particular generic offenses. And every decision interpreting crime of violence looks to that enumerated list. And that list tells us that we don't have that mishmash. We have two distinct, separate, smaller offenses of generic robbery and generic extortion. And we know from Becerra-Lopez that 211 is broader than generic robbery because of the property component. And we know from Becerra-Lopez and Dixon that 211 is broader than generic extortion because of the person component. And we know from Mathis that the inquiry has to stop there. You cannot go on to look at conduct. We're not going to do the modified categorical approach. But if each of those is a crime of violence, then that's where Becerra-Lopez would come in, right? I just don't. I mean, and the problem is that we have a very high standard for when one of our precedents is overruled. And I just don't see that in Big Ham or Mathis. So if I could just, I know I'm running out of time, but if I could just quickly respond to that and say that I think where Becerra-Lopez went wrong under now in light of Decomp and Mathis is that it took out the property, it pulled apart that alternative means. It took out the property component and then it applied extortion just to that. And we know now under Decomp and Mathis that you can't do that. You have to look at the whole. And looking at the whole, it just doesn't fit categorically into either of the two. I think we understand your argument. We've taken a little over time, so I'll give you a minute for a rebuttal. Thank you. Good morning. May it please the court, Benjamin Hawley for the United States. Beginning with the first issue, apparently the remedy that the defense is seeking or would be acceptable to them is simply to remand to the district court who could then nunc pro tunc accept the guilty plea. The fact that that solution would be so straightforward and so simple implies that the problem is not one that is structural, that Nader would find goes to the heart of the system, affects fairness or judicial integrity. And that's why Rule 11, when it's talking about harmlessness analysis, it says unless the error goes to the validity of the plea, which there's no indication that this does, then it should be found harmless. So Mr. Chavez-Cuevas has not met any of the prongs of plain error review, but I think the quickest and easiest path to affirmance here would be looking at the plain prong, number two, and substantial rights on number three. In terms of the second issue dealing with robbery, it sounds like the court understands our position. So unless the court has any questions, we'd be willing to submit. Well, I don't want to challenge someone to do better than Judge Acuda, but did she articulate your position? Yes, sir. Very well. Is there anything that you wanted to add? Nothing between that and our brief, no. Did you have any questions, Judge Baio? Yes, I'd like to hear your position from you. Because I didn't quite get everything that Judge Acuda said. So our position is that Bessarab Lopez first is not clearly irreconcilable with DeKalb, Mathis, any of those cases, the primary reason being that those cases dealt with a modified categorical approach. Bessarab Lopez dealt with a categorical approach. And so because of that, they necessarily, one doesn't undermine the other. And as Judge Acuda pointed out, no matter which way you go, robbery or extortion, both are enumerated, both are categorically a crime of violence, and therefore both would qualify under Bessarab Lopez. Unless the court has any further questions. I've got it. We don't appear to. Thank you for your argument. Thank you. You have a minute if you want to say anything else. You don't need to, but that's. No, thank you. All right. Thank you both for your argument. And with this matter, we'll stand.
judges: Callahan, Bea, Ikuta